IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| THOMAS BROWN, ) | | |
| doing business as B&B Construction, ) | | |
| Plaintiff, ) | | |
| ) | | |
| v. ) | 3:07-CV-1712-N | |
| ) | | |
| INTEGRATED ROADWAY SERVICES, ) | | |
| INC., et al., ) | | |
| Defendants. ) | | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the court in implementation thereof, this cause has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a *pro se* civil rights action.

Parties: Plaintiff Thomas Brown ("Brown") is a resident of Terrell, Texas. Defendants are Integrated Roadway Services, Inc., Capital Indemnity Corp., and the City of Dallas. The court did not issue process in this case, pending determination of the court's subject matter jurisdiction.

Statement of Case: Plaintiff performed work on behalf of Integrated Roadway Services at two City of Dallas landscape improvement projects, but was not paid. (Amended Compl. filed on Dec. 27, 2007, at 1). He hired a group of attorneys, who filed a lawsuit and an application for prejudgment writ of garnishment, in state court, seeking to recover the money owed. (*Id.* at 1-2). The state case was dismissed for want of prosecution on March 12, 2005, allegedly as a result of

legal malpractice. (*Id.* at 2). Plaintiff requests that his state case be reinstated. (*Id.*). He also requests this court's assistance "in recovering the money lost as a result of lack of action by all of the attorneys hired in good faith to handle [his] case." (*See* Amended Complaint filed Jan. 2, 2008, at 2).

Plaintiff's amended complaints are not an exemplar of clarity. It is unclear if Plaintiff is seeking to sue Integrated Roadway Services, Capital Indemnity Corp., and the City of Dallas, or whether he is seeking to sue his former attorneys for legal malpractice or both. In his motion for service of process, filed on February 7, 2008, he seeks issuance of summonses for seven defendants, including his former attorneys: (1) Attorney George Yarbrough, (2) Attorneys Griffith & Nixon, (3) Attorneys Emalifarb, Swan & Bain, (4) The City of Dallas, (5) Attorney Noemi Collie, (6) Attorney Donald Grissom, and (7) Capital Indemnity Corp.

<u>Findings and Conclusions</u>: Although Plaintiff initially sought to proceed *in forma pauperis*, he subsequently paid the $350 filing fee, thus rendering inapplicable the screening process with respect to *in forma pauperis* complains under 28 U.S.C. § 1915(e)(2). Screening of his fee-paid complaint is thus limited to determining whether this court may exercise subject matter jurisdiction over his case. Subject matter jurisdiction is an issue of paramount concern, and should be addressed, *sua sponte* if necessary, at the inception of any federal action. *Moody v. Empire Life Ins. Co.*, 849 F.2d 902, 904 (5th Cir. 1988). *See also Gaar v. Quirk,* 86 F.3d 451, 453 (5th Cir.1996) (courts have the duty to raise the issue of jurisdiction *sua sponte,* even if the parties have not raised the issue themselves); *Giannakos v. M/V Bravo Trader,* 762 F.2d 1295, 1297 (5th Cir.1985) (same); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

In *Apple v. Glenn,* 183 F.3d 477, 479 (6th Cir. 1999) (*per curiam*) (citing *Hagans v. Lavine,* 415 U.S. 528, 536-37, 94 S.Ct. 1372, 1378-79 (1974)), the court recognized a district court's authority to conduct a limited screening procedure, *sua sponte*, in a fee-paid non-prisoner's complaint, if it appears the allegations are "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." The court also held that *sua sponte* dismissal is appropriate where claims lack "legal plausibility necessary to invoke federal subject matter jurisdiction." *Id.* at 480 (citing *Dilworth v. Dallas County Community College District*, 81 F.3d 616, 617 (5th Cir. 1996)).

The court should dismiss this case *sua sponte* for lack of subject matter. The complaint fails to allege a federal question arising under the Constitution or federal law. *See* 28 U.S.C. § 1331. Plaintiff complains of money owed by Defendant Integrated Roadway Services and the City of Dallas, and of his attorneys' alleged malpractice in connection with a state court case.

Absent a federal question, complete diversity of citizenship between adverse parties and at least $75,000 in controversy are required to establish subject matter jurisdiction. *See* 28 U.S.C. § 1332(a). Plaintiff cannot rely on diversity of jurisdiction. The complaint affirmatively identifies Defendant Integrated Roadway Services as a Texas corporation. (Amended Complaint at 1). Moreover, it is impossible for Plaintiff to amend his complaint in any fashion so as to invoke this court's subject matter jurisdiction.[1]

Insofar as Plaintiff seeks "to reinstate" his state case, the court lacks subject matter

---

[1] As noted above, the complaint does not identify Brown's state lawyers as defendants. Even if the court were to construe the complaint to raise a legal malpractice action, the attachments to the complaint make it clear that his attorneys of record in the state court action were also citizens of the State of Texas.

jurisdiction over such a request. By virtue of the *Rooker-Feldman* doctrine,[2] "'federal district courts, as courts of original jurisdiction, lack appellate jurisdiction to review, modify, or nullify orders of state courts.'" *See Weekly v. Morrow*, 204 F.3d 613, 615 (5th Cir. 2000) (quoting *Liedtke v. State Bar*, 18 F.3d 315, 317 (5th Cir. 1994)); *see also Hale*, 786 F.2d at 690-91; *Howell v. State Bar of Texas*, 710 F.2d 1075, 1077 (5th Cir. 1983). The United States Supreme Court is the only federal court permitted to review state court decisions. *See* 28 U.S.C. § 1257(a) ("Final judgments or decrees rendered by the highest court of a State in which a decision could be had, may be reviewed by the Supreme Court by writ of *certiorari* ... where the validity of a statute of any State is drawn in question on the ground of it being repugnant to the Constitution, treaties or laws of the United States[.]"). *Rooker-Feldman* is a jurisdictional doctrine, which this court can raise *sua sponte*. *Jordaan v. Hall*, 275 F.Supp.2d 778, 788 (N.D. Tex. 2003) (quoting *Hale*, 786 F.2d at 691).

Stripped to its core, Plaintiff's request "to reinstate" his state case is nothing more than a collateral attack on the validity of the state court order dismissing his state action for want of prosecution. Therefore, this court lacks subject matter jurisdiction under the *Rooker-Feldman* doctrine.

---

[2] This doctrine is named after *District of Columbia, Court of Appeals v. Feldman*, 460 U.S. 462, 103 S. Ct. 1303 (1983), and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S. Ct. 149 (1923).

RECOMMENDATION:

For the foregoing reasons, it is recommended that the complaint be DISMISSED *sua sponte* for want of jurisdiction, and that Plaintiff's motion for service of process be DENIED.

Signed this 21st day of February, 2008.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.